**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
_____Northern District of Texas_____

Case number (if known): _____   Chapter __11__

☐ Check if this is an amended filing

# Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy       04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**  Hawaiian Vintage Chocolate Company, Inc.

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as names*

**3. Debtor's federal Employer Identification Number (EIN)**  9 9 – 0 3 0 6 4 9 2

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 4800 Keller Springs 1353 | 4145 Beltline Road 212-101 |
| Number     Street | Number     Street |
| | P.O. Box |
| Addison, TX 75001 | Addison, TX 75001 |
| City       State    ZIP Code | City       State    ZIP Code |
| Dallas | **Location of principal assets, if different from principal place of business** |
| County | |
| | Number     Street |
| | City       State    ZIP Code |

**5. Debtor's website (URL)**  HWVI.com

**6. Type of debtor**
- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

Debtor     Hawaiian Vintage Chocolate Company, Inc.           Case number *(if known)* _____
         Name

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. §101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. §781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. §501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br>   2 0 6 6 |
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first subbox. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply:*<br>  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>  ☑ A plan is being filed with this petition.<br>  ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☑ No<br>☐ Yes. District _____ When _____ Case number _____<br>                                 MM / DD / YYYY<br>       District _____ When _____ Case number _____<br>                                   MM / DD / YYYY |
| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br><br>List all cases. If more than 1, attach a separate list. | ☑ No<br>☐ Yes. Debtor _____ Relationship _____<br>       District _____ When _____<br>                                        MM / DD / YYYY<br>       Case number, if known _____ |

Debtor   Hawaiian Vintage Chocolate Company, Inc.                     Case number *(if known)* _____
         Name

| | | |
|---|---|---|
| **11.** | **Why is the case filed in *this* district?** | *Check all that apply:*<br>☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| **12.** | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☑ No<br>☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** *(Check all that apply.)*<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>    What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br>**Where is the property?** _____<br>    Number  Street<br>_____<br>City                                        State      ZIP Code<br>**Is the property insured?**<br>☐ No<br>☐ Yes.  Insurance agency _____<br>         Contact name _____<br>         Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| **13.** | **Debtor's estimation of available funds?** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| **14.** | **Estimated number of creditors** | ☑ 1-49    ☐ 50-99    ☐ 1,000-5,000    ☐ 5,001-10,000    ☐ 25,001-50,000    ☐ 50,000-100,000<br>☐ 100-199  ☐ 200-999  ☐ 10,001-25,000                              ☐ More than 100,000 |
| **15.** | **Estimated assets** | ☐ $0-$50,000               ☐ $1,000,001-$10 million      ☐ $500,000,001-$1 billion<br>☐ $50,001-$100,000         ☐ $10,000,001-$50 million     ☐ $1,000,000,001-$10 billion<br>☑ $100,001-$500,000        ☐ $50,000,001-$100 million    ☐ $10,000,000,001-$50 billion<br>☐ $500,001-$1 million      ☐ $100,000,001-$500 million   ☐ More than $50 billion |

Debtor  Hawaiian Vintage Chocolate Company, Inc.  Case number *(if known)* _____
       Name

| | | | |
|---|---|---|---|
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/30/2021
            MM/ DD/ YYYY

X  /s/ James Walsh                                  James Walsh
Signature of authorized representative of debtor         Printed name

Title             CEO

**18. Signature of attorney**

X  /s/ Jason M. Rudd                        Date  11/30/2021
Signature of attorney for debtor                     MM/ DD/ YYYY

Jason M. Rudd
Printed name

Wick Phillips Gould & Martin, LLP
Firm name

3131 McKinney Ave Suite 500
Number     Street

Dallas                                        TX          75204
City                                          State       ZIP Code

(214) 692-6200                     jason.rudd@wickphillips.com
Contact phone                         Email address

24028786                                TX
Bar number                                 State

**WRITTEN RESOLUTIONS OF THE BOARD OF DIRECTORS OF**

HAWAIIAN VINTAGE CHOCOLATE COMPANY, INC.

[[DATE]], 2021    10/7/2021

The board of directors (the "Board") of Hawaiian Vintage Chocolate Company, Inc., a Hawaiian corporation (the "Company") adopt the following resolutions:

**CHAPTER 11**

WHEREAS, the Board considered presentations by the Company's management (the "Management") and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of the Company and the strategic alternatives available to it;

WHEREAS, the Board has had the opportunity to consult with the Management and the Advisors of the Company and fully consider each of the strategic alternatives available to the Company.

**NOW, THEREFORE, BE IT RESOLVED,** that in the judgment of the Board of the Company it is desirable and in the best interests of the Company; its creditors, and other interested parties, that a voluntary petition be filed by the Company in the United States Bankruptcy Court for the Norther District of Texas in Dallas (the "Bankruptcy Court"), seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), in which the Company will seek authority to operate as a debtor in-possession during the resulting chapter 11 case (the "Chapter 11 Case") to pursue restructuring transactions to bring value to the Company's creditors and shareholders, and the filing of such petition is authorized hereby.

**RESOLVED,** that James Walsh, the President of the Company (collectively with any other appointed officers, the "Authorized Officers"), shall have the power and authority to approve or take any and all actions that the Authorized Officers deem reasonable, advisable, expedient, convenient, necessary or proper with respect to the Company related to or arising in the Chapter 11 Case.

**RESOLVED,** that the Authorized Officers are authorized and empowered, on behalf of and in the name of the Company, to execute and verify such petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed with the Bankruptcy Court at such time as the Authorized Officers shall determine.

**RESOLVED,** that the Authorized Officers of the Company be, and hereby are, authorized, on behalf of and in the name of the Company, to execute and file all petitions, affidavits, schedules, lists, requests, motions and other papers and to take any and all actions which he may deem necessary or proper in the Chapter 11 Case.

**RESOLVED,** that the law firm of Wick Phillips Gould & Martin LLP, 3131 McKinney Avenue, Suite 500, Dallas, Texas 75204, be, and hereby is, employed under a retainer as attorneys for the Company in the Chapter 11 Case and for all other relevant purposes.

**RESOLVED,** that the Authorized Officers be, and hereby are, authorized and empowered on behalf of and in the name of the Company, to retain and employ other attorneys, accountants, restructuring professionals, financial advisors, and other professionals to assist the Company in connection with the Case on such terms as the Authorized Officers deem necessary, proper or desirable.

**RESOLVED,** that the Authorized Officers be, and hereby are, authorized and empowered to cause the Company to enter into, execute, deliver, certify, file, obtain, record, and

of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Note; and

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized, empowered and directed in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Note and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Note, which shall in his/her reasonable business judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Note and to fully carry out the intent of the foregoing resolutions; and

**RESOLVED,** that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the post-petition financing or the DIP Note or to do such other things which shall in his/her sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her execution thereof.

**GENERAL**

**RESOLVED,** that the Company and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**RESOLVED,** that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

**RESOLVED,** that any and all past actions heretofore taken by the Authorized Officers of the Company in the name of and on behalf of the Company, in furtherance of any or all preceding resolutions be, and the same hereby are, ratified, approved, and adopted; and

**RESOLVED,** that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered, and directed to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED,** that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.

**EXECUTED** and adopted by the undersigned Authorized Officers:

By: _____
Name: Fernando Gonzalez
Date: 10-7-2021

By: _____
Name: James Walsh

perform, such agreements, instruments, motions, affidavits, applications for approvals, or ruling of governmental or regulatory authorities, certificates and other such documents and take any such actions as are, in his/her judgment, necessary, proper, or desirable to prosecute the Chapter 11 Case and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions, his/her authority thereunto to be evidenced by the taking of such actions.

**RESOLVED,** that the Authorized Officers be, and hereby are, authorized and empowered on behalf of and in the name of the Company to cause the Company to incur indebtedness for borrowed money to assist the Company in connection with the Case on such terms as the Authorized Officers deem necessary, proper or desirable.

### DEBTOR-IN-POSSESSION FINANCING

**WHEREAS,** reference is made to that certain Secured Superpriority Debtor-In-Possession Promissory Note (together with all exhibits, schedules and annexes thereto, the "DIP Note") dated as of, or about, the date hereof, by and among Hawaiian Vintage Chocolate Company, Inc., a Hawaiian corporation, as the "Borrower" and a debtor-in-possession under Chapter 11 of the Bankruptcy Code, and the lender party Allison Finance (the "DIP Lender");

**WHEREAS,** the Borrower has requested that the DIP Lender provide debtor-in-possession advances up to the aggregate principal sum of $150,000 to the Borrower through the DIP Note; and

**WHEREAS,** the obligation of the DIP Lender to make the extensions of credit to the Borrower is subject to, among other things, the Company entering into the DIP Note and satisfying certain conditions in the DIP Note; and

**WHEREAS,** the Company will obtain benefits from the DIP Note and it is advisable and in the best interest of the Company to enter into the DIP Note and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

**NOW, THEREFORE, BE IT RESOLVED,** that the form, terms and provisions of the DIP Note, and the transactions contemplated by the DIP Note (including, without limitation, the borrowings thereunder), the transactions contemplated therein and the liabilities, obligations, security interest granted and note issued, if any, in connection therewith, be and hereby are authorized, adopted and approved; and

**RESOLVED,** that the Company will obtain benefits from the DIP Note and it is advisable and in the best interest of the Company to enter into the DIP Note and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED,** that the Company's execution and delivery of, and its performance of its obligations in connection with the DIP Note, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, is hereby authorized, empowered and directed to negotiate the terms of and to execute, deliver and perform the DIP Note and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment or any other modification required to consummate the transactions contemplated by the DIP Note in the name and on behalf of the Company, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Officers may in his/her sole discretion approve, which approval shall be conclusively evidenced by his/her execution thereof. Such execution by any of the Authorized Officers is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable; and

**RESOLVED,** that the Authorized Officers be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Company to file or to authorize the DIP Lender to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of the Company that either DIP Lender deems necessary or convenient to perfect any lien or security interest granted under the DIP Note, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording