

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 3, 2021**

United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 21-32112 |
| HAWAIIAN VINTAGE CHOCOLATE | § | |
| COMPANY, INC., | § | Chapter 11 |
| | § | |
| DEBTOR. | | |

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER
(1) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF
DISCLOSURE STATEMENT AND CONFIRMATION OF PLAN; (2) APPROVING THE
SOLICITATION PROCEDURES AND DATES, DEADLINES, AND NOTICES
RELATED THERETO; (3) DIRECTING THAT A MEETING OF CREDITORS NOT BE
CONVENED; (4) WAIVING THE REQUIREMENT OF FILING STATEMENTS
FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES; AND
(5) GRANTING RELATED RELIEF**

Upon the motion[1] (the "Motion") of Hawaiian Vintage Chocolate Company, Inc., the

above-captioned debtor and debtor in possession ("Debtor"), for entry of an order (this "Order"),

(a) scheduling the Confirmation Hearing on the adequacy of the Disclosure Statement and

confirmation of the Plan, (b) establishing the Objection Deadline and approving related

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the Plan, as applicable.

procedures, (c) approving the Solicitation Procedures, (d) approving the form and manner of the Confirmation Hearing Notice, (e) conditionally, if the Plan is confirmed within seventy-five (75) days of the Petition Date, (i) directing that the U.S. Trustee not convene the Creditors' Meeting and (ii) waiving the requirement to file Schedules and SOFAs, and (f) granting related relief; all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and good cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** in part as set forth herein.

2.      The Confirmation Schedule is hereby approved.

3.      The Confirmation Hearing, at which time this Court will consider, among other things, the adequacy of the Disclosure Statement and confirmation of the Plan, shall take place both via WebEx and in person on December 22, 2021, at 9:00 a.m., prevailing Central Time, before the Honorable Harlin D. Hale, Chief U.S. Bankruptcy Judge for the Northern District of Texas,

Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom No. 3, Dallas, Texas 75242. Webex video hearings: https://us-courts.webex.com/meet/hale; Webex dial-in: (US/Canada) 1-650-479-3207; Access code: 476 420 189.

4.     Any objections to the adequacy of the Disclosure Statement or confirmation of the Plan shall be filed on or before December 15, 2021, at 5:00 p.m., prevailing Central Time.

5.     Any brief in support of confirmation of the Plan and reply to any objections shall be filed on or before December 20, 2021.

6.     Any objections to the Disclosure Statement or confirmation of the Plan must:

   a.     be in writing;

   b.     comply with the Bankruptcy Rules and the Local Rules;

   c.     state the name and address of the objecting party and the amount and nature of the Claim or Interest owned by such entity;

   d.     state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and

   e.     be filed with this Court with proof of service thereof and served upon the Debtor and the U.S. Trustee's Office so as to be actually received by the Objection Deadline.

7.     Any objections not satisfying the requirements of this Order shall not be considered and shall be overruled.

8.     Pursuant to sections 1125 and 1126 of the Bankruptcy Code and applicable nonbankruptcy law, the Debtor is authorized to continue its prepetition solicitation in respect of the Plan, commenced on November 22, 2021, after the Petition Date. To the extent the Debtor received any acceptances or rejections prior to the Petition Date, the Debtor may count such Ballots.

9.    The Voting Record Date of November 22, 2021, and the Voting Deadline of December 13, 2021, are approved.

10.    To the extent that section 1125(b) of the Bankruptcy Code requires that the Debtor's prepetition solicitation of acceptances for the Plan requires an approved disclosure statement to proceed towards confirmation on a postpetition basis, the Court conditionally approves the Disclosure Statement as having adequate information as required by section 1125 of the Bankruptcy Code, without prejudice to any party in interest objecting to the Disclosure Statement at the Confirmation Hearing.

11.    The form of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit B**, and service thereof comply with the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

12.    The Solicitation Procedures utilized by the Debtor for distribution of the Solicitation Packages as set forth in the Motion in soliciting acceptances and rejections of the Plan satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules and are approved.

13.    The Ballots, substantially in the form attached hereto as **Exhibits C-1 to C-5**, are approved.

14.    The procedures used for tabulating votes to accept or reject the Plan as set forth in the Motion and as provided by the Ballots are approved with the following two exceptions:

    a.    Subpart (b) of paragraph 7 of the Motion is modified to state: "any Ballot that is not actually received by Debtor or proposed counsel to the Debtor by the Voting Deadline (unless otherwise permitted by the Court);" and

    b.    Subpart (g) of paragraph 7 of the Motion is modified to state: "any improperly submitted Ballot (unless permitted by the Court)."

15.    The Debtor is granted an extension to file Schedules and SOFAs up to and through December 29, 2021, without prejudice to the Debtor's rights to request further extensions thereof.

However, if the Plan is confirmed at the Confirmation Hearing, the Debtor may then seek an order from the Court waiving the requirement that the Debtor file Schedules and SOFAs, as requested in the Motion. The U.S. Trustee's office maintains its right to object or otherwise respond to any waiver request or extension request of the Debtor pertaining to Schedules and SOFAs.

16.     Before the Confirmation Hearing, the U.S. Trustee shall not schedule or convene a meeting of creditors or equity holders pursuant to section 341(e) of the Bankruptcy Code. However, if the Plan is confirmed at the Confirmation Hearing, the Debtor may then seek an order from the Court waiving the requirement for a section 341(e) meeting, as requested in the Motion. The U.S. Trustee's office maintains its right to object or otherwise respond to any waiver request or extension request of the Debtor pertaining to a section 341(e) meeting. On or after the Confirmation Hearing, the U.S. Trustee may proceed with scheduling or convening a meeting of creditors or equity holders pursuant to section 341(e), subject to any waiver entered by the Court and without prejudice to the Debtor's rights to request extensions thereof.

17.     Nothing contained in the Motion or this Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtor or any other party or as a waiver of such parties' rights to dispute any claim or lien.

18.     There is cause to shorten the time periods contained in Bankruptcy Rule 3017(a), Local Rule 3017-1(a), and Bankruptcy Rule 2002(b) pursuant to Bankruptcy Rule 9006(c).

19.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

20.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

###

PREPARED AND SUBMITTED BY:

Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence. Tex. Bar No. 24087896
Catherine A. Curtis, Tex. Bar No. 24095708
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com
Catherine.curtis@wickphillips.com

**PROPOSED COUNSEL FOR DEBTOR**

## Exhibit B

**Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-32112** |
| **HAWAIIAN VINTAGE CHOCOLATE** | § | |
| **COMPANY, INC.,** | § | **Chapter 11** |
| | § | |
| **DEBTOR.** | § | |

### NOTICE OF (I) COMMENCEMENT OF PREPACKAGED CHAPTER 11 BANKRUPTCY CASE, (II) COMBINED HEARING ON THE DISCLOSURE STATEMENT, CONFIRMATION OF THE PREPACKAGED CHAPTER 11 PLAN, AND RELATED MATTERS, AND (III) RELATED OBJECTION AND BRIEFING DEADLINES

**NOTICE IS HEREBY GIVEN** as follows:

On November 30, 2021 (the "Petition Date"), Hawaiian Vintage Chocolate Company, debtor and debtor in possession ("Debtor"), filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Texas (the "Bankruptcy Court"). On the Petition Date, the Debtor filed a proposed prepackaged chapter 11 plan of reorganization [Dkt. No. 5] (the "Plan") and a proposed Disclosure Statement [Dkt. No. 6] (the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of the Bankruptcy Code. Copies of the Plan and the Disclosure Statement may be obtained upon request of the Debtor's proposed counsel at the address specified below and are on file with the Clerk of the Bankruptcy Court, Earle Cabell Federal Building, 1100 Commerce St., Rm. 1254, Dallas, TX 75242-1496, where they are available for review between the hours of 8:30 a.m. to 4:30 p.m., prevailing Central Time.

### Information Regarding the Plan and Disclosure Statement

**Voting Record Date**. The voting record date was November 22, 2021, which was the date for determining which Holders of Claims or Equity Interests in Classes 3, 4 and 5 of the Plan were entitled to vote.

**Objection to the Plan and Disclosure Statement**. The deadline for filing objections to the Plan is **December 15, 2021 at 5:00 p.m. CST** (the "Objection Deadline"). Any objection *must* (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state, with particularity, the basis and nature of any objection to the confirmation of the Plan in question; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so as to be *actually received* on or before the Objection Deadline:

| COUNSEL TO THE DEBTOR |
|:---:|
| Jason Rudd<br>Scott D. Lawrence<br>Catherine A. Curtis<br>**WICK PHILLIPS GOULD & MARTIN, LLP**<br>3131 McKinney Avenue, Suite 500<br>Dallas, Texas 75204<br>jason.rudd@wickphillips.com<br>scott.lawrence@wickphillips.com<br>catherine.curtis@wickphillips.com |

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASE, EXCULPATION, DISCHARGE, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

### Summary of Plan Treatment

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtor, and indicates the voting status of each class:

| Class | Description | Entitled to Vote | Estimated Claims | Approx. Minimum Recovery | Treatment |
|---|---|---|---|---|---|
| **Class 1** | Priority Non-Tax Claims | No | $0.00 | NA | Full payment of Allowed Claim in Cash. |
| **Class 2** | Secured Claims | Yes | $0.00 | 100% | At the Debtor's choice, (i) return of the collateral securing such Allowed Secured Claim; or (ii) cash distributions from the Reorganized Debtor totaling the amount of the Allowed Secured Claim, paid in five equal annual installments, plus interest at 6% per annum, secured by the collateral securing such Allowed Secured Claim. |

| Class 3 | Lender Postpetition Claims | Yes | $150,000 | 100% | <ul><li>40,388 shares KIMO Class B Common Stock</li><li>8,000 KIMO Six Month Warrants</li><li>12,000 KIMO Twelve Month Warrants</li><li>12,000 KIMO Twenty-Four Month Warrants</li><li>15,000 shares ISH Class B Common Stock</li><li>8,000 ISH Six Month Warrants</li><li>8,000 ISH Twelve Month Warrant</li><li>8,000 ISH Twenty-Four Month Warrants</li></ul> |
|---|---|---|---|---|---|
| Class 4 | General Unsecured Claims | Yes | $1,016,039 | 100% | A Pro Rata share of:<ul><li>100,969 shares KIMO Class B Common Stock</li><li>20,000 KIMO Six Month Warrants 30,000 KIMO Twelve Month Warrants</li><li>30,000 KIMO Twenty-Four Month Warrants</li><li>37,500 shares ISH Class B Common Stock</li><li>20,000 ISH Six Month Warrants</li><li>20,000 ISH Twelve Month Warrants 20,000 ISH Twenty-Four Month Warrants</li></ul> |
| Class 5 | Equity Interests | Yes | 16,260,546 shares | NA | A Pro Rata share of:<ul><li>868,336 share KIMO Class B Common Stock</li><li>172,000 KIMO Six Month Warrants</li><li>258,000 KIMO Twelve Month Warrants</li><li>258,000 KIMO Twenty-Four Month Warrants</li><li>322,500 shares ISH Class B Common Stock</li><li>172,000 ISH Six Month Warrants</li><li>172,000 ISH Twelve Month Warrants</li><li>172,000 ISH Twenty-Four Month Warrants</li></ul> |

## Discharge, Injunctions, Exculpation, and Releases

Following confirmation, subject to Article XI of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article XI of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article XI of the Plan very carefully so that you understand how confirmation and substantial consummation of the

Plan —which effectuates such provisions — will affect you and any Claim(s) you may hold against the Debtor and/or certain other Released Parties specified in the Plan.

### **Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement**

The hearing (the "Confirmation Hearing") will be held both via WebEx and in person before the Honorable Harlin D. Hale, Chief U.S. Bankruptcy Judge for the Northern District of Texas, Earle Cabell Federal Building, 1100 Commerce Street, 14th Floor, Courtroom No. 3, Dallas, Texas 75242. Webex video hearings: https://us-courts.webex.com/meet/hale; Webex dial-in: (US/Canada) 1-650-479-3207; Access code: 476 420 189, on **December 22, 2021, at 9:00 a.m.**, prevailing Central Time, to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court. Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice. Any parties who wish to participate in the Confirmation Hearing may do so either in person or via WebEx by visiting the WebEx hearing link on the Court's Hearing Dates and Calendar webpage found here: https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-hales-hearing-dates.

Dated: December 2, 2021

*/s/ Jason M. Rudd*
Jason M. Rudd, Tex. Bar No. 24028786
Scott D. Lawrence, Tex. Bar No. 24087896
Catherine A. Curtis, Tex. Bar No. 24095708
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Telephone: (214) 692-6200
Facsimile: (214) 692-6255
jason.rudd@wickphillips.com
scott.lawrence@wickphillips.com

**PROPOSED COUNSEL FOR DEBTOR**

# WebEx Hearing Instructions
## Judge Harlin D. Hale

Pursuant to General Order 2020-14 issued by the Court on May 20, 2020, all hearings before Judge Harlin D. Hale are currently being conducted by WebEx videoconference unless ordered otherwise.

**<u>For WebEx Video Participation/Attendance</u>**:

Link:    https://us-courts.webex.com/meet/hale

**<u>For WebEx Telephonic Only Participation/Attendance</u>**:

Dial-In:  1-650-479-3207
Access code:  476 420 189

**<u>Participation/Attendance Requirements</u>:**

- Counsel and other parties in interest who plan to actively participate in the hearing are encouraged to attend the hearing in the WebEx video mode using the WebEx video link above. Counsel and other parties in interest who will <u>not</u> be seeking to introduce any evidence at the hearing and who wish to attend the hearing in a telephonic only mode may attend the hearing in the WebEx telephonic-only mode using the WebEx dial-in and access code above.

- Attendees should join the WebEx hearing at least 10 minutes prior to the hearing start time. Please be advised that a hearing may already be in progress. <u>During hearings, participants are required to keep their lines on mute at all times that they are not addressing the Court or otherwise actively participating in the hearing</u>. **The Court reserves the right to disconnect or place on permanent mute any attendee that causes any disruption to the proceedings**. For general information and tips with respect to WebEx participation and attendance, please see Clerk's Notice 20-04: https://www.txnb.uscourts.gov/sites/txnb/files/hearings/Webex%20Information%20and%20Tips_0.pdf

- **Witnesses are required to attend the hearing in the WebEx video mode, and live testimony will only be accepted from witnesses who have the WebEx video function activated**. Telephonic testimony without accompanying video will <u>not</u> be accepted by the Court. The Court may consider special requests for other appearance options on a case-by case-basis.

- All WebEx hearing attendees are required to comply with Judge Hale's Telephonic and Videoconference Hearing Policy (included within Judge Hale's Judge-Specific Guidelines): https://www.txnb.uscourts.gov/content/judge-harlin-d-hale

**<u>Exhibit Requirements</u>:**

- Any party intending to introduce documentary evidence at the hearing <u>must</u> file an exhibit list in the case with a true and correct copy of each designated exhibit filed as a <u>separate, individual</u> <u>attachment</u> <u>thereto</u> so that the Court and all participants have ready access to all designated exhibits.

**<u>Notice of Hearing Content and Filing Requirements</u>:**

<u>IMPORTANT: For all hearings that will be conducted by WebEx only</u>:

- The Notice of Hearing filed in the case and served on parties in interest must: (1) provide notice that the hearing will be conducted by WebEx videoconference only, (2) provide notice of the above WebEx video participation/attendance link, and (3) attach a copy of these WebEx Hearing Instructions or provide notice that they may be obtained from Judge Hale's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-hales-hearing-dates

- When electronically filing the Notice of Hearing via CM/ECF <u>select "at https://us-courts.webex.com/meet/hale" as the location of the hearing</u> (note: this option appears immediately after the first set of Wichita Falls locations). Do <u>not</u> select Judge Hale's Dallas courtroom as the location for the hearing.

## CONNECTION INSTRUCTIONS FOR PARTICIPATING IN A WEBEX VIRTUAL HEARING

The court will allow participation in a virtual hearing using either of the following two methods. Please connect at least 10 minutes prior to the hearing time. It is recommended that attorneys discuss the logistics of the WebEx appearance with their clients/witnesses at least 48 hours before the hearing.

### Option 1: Using the WebEx app on your smartphone, tablet, laptop, or desktop.

Please connect using only one device. Using two or more devices may cause audio feedback issues.

If using a phone or tablet for video, it should be set in a stationary position. Holding a phone or tablet in your hand while speaking does not yield a good video for the court.

**NOTE: If you are experiencing audio issues when using the WebEx application,** you may use the "Call Me At" selection under "Audio Connection" to move just the audio portion of the WebEx conference to your telephone.

### Option 2: Call in via phone (audio only).

Webex dial-in number: 1-650-479-3207 (access code: 476 420 189).

### HELPFUL HINTS AND ETIQUETTE

- Please use the mute function when you are not speaking. Please be aware that sometimes the court mutes everyone when there is background noise. When you want to speak, make sure you are not on mute. Call-in users should dial *6 to unmute your line.

- Remember to state your name for the record each time before speaking and speak slowly and clearly so the Court can get a good record.

- Use headphones whenever possible, especially if using a desktop PC with external speakers. We have found that newer iPhones provide the best visual and audio feed – better than most desktop computers. If you are on a personal computer, headphones or earbuds are required for those who need to speak during the hearing.

- During examination, attorneys and witnesses should use a separate camera and microphone when possible. To avoid feedback, parties using separate devices must not be in the same room. The Court may consider special requests on a case-by-case basis.

- WebEx participants may use the "share" button to easily share their screen or document with the Court or other WebEx participants. Press "stop sharing" to remove the presentation from the meeting.

- When making an appearance from a vehicle, please park in a safe location with windows rolled up (to minimize background distraction and noise) and use a headset that is ear-to-phone (not the vehicle's hands-free speaker-phone option).

- Suggestions for participating in a WebEx hearing from home: If you are having connectivity problems, turn off devices that may be using bandwidth on your home network. Devices or applications such as Facetime, Roku, streaming media players, video games, or large downloads can negatively impact the audio and video quality of the WebEx meeting.

- Participants are reminded that they should wear attire suitable for court.

- Participants who wish to test their WebEx connection or the share screen functionality in advance of the hearing may arrange a "practice run" by contacting the courtroom deputy.

### EXHIBITS AND DEMONSTRATIVE AIDS

Exhibits should be filed ahead of time by the date that they would normally be exchanged pursuant to our local rules using the "list (witness/exhibit/generic)" OR "notice (generic)" OR "Support/Supplemental

document" event in ECF.

Demonstrative aids and Power Points should also be filed prior to the hearing, if possible. If not, WebEx has the ability to allow you to share your screen, or a particular document, with everyone in the hearing. If these documents are admitted as exhibits, they would then have to be filed after the hearing.

During the hearing, lawyers can refer to (and offer) their exhibits by referencing the exhibit's docket number for the court and all to access. After the hearing, the court will create a Minute Entry reflecting which exhibits were admitted.  You should consider emailing exhibits to witnesses ahead of time since they may not have access to PACER.

**Exhibit C-1**

**Proposed Class 3 (Lender Postpetition Claims) Ballot**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.**

**IMPORTANT: NO CHAPTER 11 CASE HAS BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. IF A VOLUNTARY REORGANIZATION CASE IS FILED, THE COMPANY INTENDS TO PROMPTLY SEEK CONFIRMATION OF THE PREPACKAGED CHAPTER 11 PLAN BY THE BANKRUPTCY COURT.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-32112** |
| **HAWAIIAN VINTAGE CHOCOLATE** | § | |
| **COMPANY, INC.,** | § | **Chapter 11** |
| | § | |
| DEBTOR. | § | |

### CLASS 3 – LENDER POSTPETITION CLAIMS
### BALLOT FOR ACCEPTING OR REJECTING PREPACKAGED PLAN OF REORGANIZATION

If you are, as of close of business on November 22, 2021 (the "Voting Record Date"), a holder of a Class 3 Lender Postpetition Claim (a "Lender Postpetition Claim") against Hawaiian Vintage Chocolate Company, Inc. (the "Debtor"), please use this ballot (the "Ballot") to cast your vote to accept or reject the Debtor's Prepackaged Chapter 11 Plan of Reorganization (the "Plan"), which is being proposed by the Debtor. The Plan is **Exhibit A** to the Disclosure Statement, dated November 22, 2021 (the "Disclosure Statement"), which accompanies this Ballot and also provides the basis for the terms and conditions of the Plan. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan. Before you transmit your vote, please read the Plan, the Disclosure Statement, and all related documents enclosed herewith carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate classes of creditors and interest holders for voting and distribution purposes. Depending on the nature of the debt or interest that is held in or

against the Debtor, a creditor may have claims and/or interests in multiple classes. The Disclosure Statement sets forth a description of the classes in the Plan.

If you have any questions on how to properly complete this Ballot, please call or email Catherine A. Curtis, Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 500, Dallas, Texas 75204 (the "Voting Agent") at catherine.curtis@wickphillips.com or (214) 740-4049. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE BELOW INSTRUCTIONS CAREFULLY. COMPLETE, SIGN (ELECTRONIC SIGNATURE IS ACCEPTABLE) AND DATE YOUR CUSTOMIZED BALLOT (PURSUANT TO THE INSTRUCTIONS BELOW), AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTOR'S VOTING AGENT, PRIME CLERK LLC, ON OR BEFORE THE <u>VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 13, 2021</u> IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN. IF THIS BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE DEBTOR'S VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**Acceptance or Rejection of the Plan**

**Item 1.** <u>Amount of Class 3 Lender Postpetition Claim.</u> The undersigned hereby certifies that as of the close of business on November 22, 2021, the undersigned was the record holder of a Lender Postpetition Claim in Class 3 under the Plan, in the aggregate unpaid principal amount of:

$_____

**Item 2.** <u>Vote on Plan</u>. The undersigned holder of a Lender Postpetition Claim in Class under the Plan, as described in Item 1 above, votes all such Claims to (check one box):

*Check one box only:*

    **Accepts** the Plan

OR

    **Rejects** the Plan

**Item 3.** <u>Releases.</u> Following confirmation, subject to Article XI of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction,

exculpation, and discharge provisions set forth in Article XI of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article XI of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan —which effectuates such provisions — will affect you and any Claim(s) you may hold against the Debtor and/or certain other Released Parties specified in the Plan.

**Item 4.** <u>Certifications.</u> The New Common Stock proposed to be distributed under the Plan will be issued without registration under the Securities Act of 1933, as amended (the "<u>Securities Act</u>") and will be offered pursuant to an exemption from registration granted under federal and state securities laws and regulations and, upon the Debtor filing the Chapter 11 Case, the exception from registration offered by Section 1145 of the Bankruptcy Code. The Debtor's solicitation of votes on the Plan before the initiating the Chapter 11 Case is intended to be made only to a limited number of individuals or entities who are Accredited Investors within the meaning of Rule 501(a) of Regulation D of the General Rules and Regulations of the Securities Act ("<u>Regulation D</u>").

An individual is an "Accredited Investor" if the individual: (i) has a net worth, or joint net worth with his spouse, at the time of purchase of more than $1 million (excluding such individual's primary residence); (ii) had an individual income in excess of $200,000 in each of the two most recent years and who reasonably expects an income in excess of $200,000 in the current year; or (iii) had a joint income with the purchaser's spouse in excess of $300,000 in each of the two most recent years and who reasonably expects an income in excess of $300,000 in the current year. Other tests exist for trusts, partnerships, corporations, or other entities to be Accredited Investors.

Each Holder of a Claim or Equity Interest signing this Ballot prior to commencement of the Chapter 11 Case represents to the Debtor and the Bankruptcy Court, and the Debtor will rely upon such representations, that the entity submitting the Ballot is an Accredited Investor. By executing this Ballot, you represent, among other things, that you have read and understand the Disclosure Statement and Plan and has obtained all other information you desire for the purpose of evaluating, and has fully evaluated, the risks associated with the New Common Stock to be issued under the Plan and that you are an Accredited Investor. The Disclosure Statement and Plan does not constitute an offer to sell to, or a solicitation of an offer to sell to, or a solicitation of an offer to buy from, any person who does not meet the suitability standards as an Accredited Investor or otherwise.

By returning this Ballot, the undersigned holder of a Equity Interests Claim in Class 5 under the Plan, as described in Item 1 above, certifies that (a) it has full power and authority to vote to accept or reject the Plan; (b) it was the record holder of the Claims described in Item 1 as of the close of business on November 22, 2021; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); (d) it is an Accredited Investor; and (e) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance

and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____

Address: _____

_____

_____

**Return this ballot to:**

**Wick Phillips Gould & Martin, LLP**
**c/o Catherine Curtis, Tabulation Agent**
**3131 McKinney Avenue, Suite 500**
**Dallas, Texas 75204**

**Or via Email to:**

**catherine.curtis@wickphillips.com**

## Exhibit C-2

**Proposed Class 4 (General Unsecured Claims) Ballot
for Accredited Investors**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.**

**IMPORTANT: NO CHAPTER 11 CASE HAS BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. IF A VOLUNTARY REORGANIZATION CASE IS FILED, THE COMPANY INTENDS TO PROMPTLY SEEK CONFIRMATION OF THE PREPACKAGED CHAPTER 11 PLAN BY THE BANKRUPTCY COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-32112** |
| **HAWAIIAN VINTAGE CHOCOLATE** | § | |
| **COMPANY, INC.,** | § | **Chapter 11** |
| | § | |
| **DEBTOR.** | | |

**CLASS 4 – GENERAL UNSECURED CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING PREPACKAGED PLAN OF
REORGANIZATION**

If you are a holder of a Class 4 General Unsecured Claim (a "General Unsecured Claim") against Hawaiian Vintage Chocolate Company, Inc. (the "Debtor"), please use this ballot (the "Ballot") to cast your vote to accept or reject the Debtor's Prepackaged Chapter 11 Plan of Reorganization (the "Plan"), which is being proposed by the Debtor. The Plan is **Exhibit A** to the Disclosure Statement, dated November 22, 2021 (the "Disclosure Statement"), which accompanies this Ballot and also provides the basis for the terms and conditions of the Plan. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan. Before you transmit your vote, please read the Plan, the Disclosure Statement, and all related documents enclosed herewith carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate classes of creditors and interest holders for voting and distribution purposes. Depending on the nature of the debt or interest that is held in or against the Debtor, a creditor may have claims and/or interests in multiple classes. The Disclosure Statement sets forth a description of the classes in the Plan.

If you have any questions on how to properly complete this Ballot, please call or email Catherine A. Curtis, Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 500, Dallas, Texas 75204 (the "Voting Agent") at catherine.curtis@wickphillips.com or (214) 740-4049. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE BELOW INSTRUCTIONS CAREFULLY. COMPLETE, SIGN (ELECTRONIC SIGNATURE IS ACCEPTABLE) AND DATE YOUR CUSTOMIZED BALLOT (PURSUANT TO THE INSTRUCTIONS BELOW), AND RETURN IT SO THAT IT IS ACTUALLY RECEIVED BY THE DEBTOR'S VOTING AGENT, PRIME CLERK LLC, ON OR BEFORE THE VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 13, 2021 IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN. IF THIS BALLOT IS NOT COMPLETED, SIGNED, AND ACTUALLY RECEIVED BY THE DEBTOR'S VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**Acceptance or Rejection of the Plan**

**Item 1.** Amount of Class 4 General Unsecured Claim. The undersigned hereby certifies that as of the close of business on November 22, 2021, the undersigned was the record holder of a General Unsecured Claim in Class 4 under the Plan, in the aggregate unpaid principal amount of:

**$_____**

**Item 2.** Vote on Plan. The undersigned holder of a Lender Postpetition Claim in Class 4 under the Plan, as described in Item 1 above, votes all such Claims to (check one box):

*Check one box only:*

   **Accepts** the Plan

OR

   **Rejects** the Plan

**Item 3.** Releases. Following confirmation, subject to Article XI of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article XI of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in

Article XI of the Plan very carefully so that you understand how confirmation and substantial consumption of the Plan —which effectuates such provisions — will affect you and any Claim(s) you may hold against the Debtor and/or certain other Released Parties specified in the Plan.

**Item 4.** <u>Certifications.</u> The New Common Stock proposed to be distributed under the Plan will be issued without registration under the Securities Act of 1933, as amended (the "<u>Securities Act</u>") and will be offered pursuant to an exemption from registration granted under federal and state securities laws and regulations and, upon the Debtor filing the Chapter 11 Case, the exception from registration offered by Section 1145 of the Bankruptcy Code. The Debtor's solicitation of votes on the Plan before the initiating the Chapter 11 Case is intended to be made only to a limited number of individuals or entities who are Accredited Investors within the meaning of Rule 501(a) of Regulation D of the General Rules and Regulations of the Securities Act ("<u>Regulation D</u>").

An individual is an "Accredited Investor" if the individual: (i) has a net worth, or joint net worth with his spouse, at the time of purchase of more than $1 million (excluding such individual's primary residence); (ii) had an individual income in excess of $200,000 in each of the two most recent years and who reasonably expects an income in excess of $200,000 in the current year; or (iii) had a joint income with the purchaser's spouse in excess of $300,000 in each of the two most recent years and who reasonably expects an income in excess of $300,000 in the current year. Other tests exist for trusts, partnerships, corporations, or other entities to be Accredited Investors.

Each Holder of a Claim or Equity Interest signing this Ballot prior to commencement of the Chapter 11 Case represents to the Debtor and the Bankruptcy Court, and the Debtor will rely upon such representations, that the entity submitting the Ballot is an Accredited Investor. By executing this Ballot, you represent, among other things, that you have read and understand the Disclosure Statement and Plan and has obtained all other information you desire for the purpose of evaluating, and has fully evaluated, the risks associated with the New Common Stock to be issued under the Plan and that you are an Accredited Investor. The Disclosure Statement and Plan does not constitute an offer to sell to, or a solicitation of an offer to sell to, or a solicitation of an offer to buy from, any person who does not meet the suitability standards as an Accredited Investor or otherwise.

By returning this Ballot, the undersigned holder of a Equity Interests Claim in Class 5 under the Plan, as described in Item 1 above, certifies that (a) it has full power and authority to vote to accept or reject the Plan; (b) it was the record holder of the Claims described in Item 1 as of the close of business on November 22, 2021; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); (d) it is an Accredited Investor; and (e) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____

Address: _____

_____

_____

**Return this ballot to:**

**Wick Phillips Gould & Martin, LLP**
**c/o Catherine Curtis, Tabulation Agent**
**3131 McKinney Avenue, Suite 500**
**Dallas, Texas 75204**

**Or via Email to:**

**catherine.curtis@wickphillips.com**

## **Exhibit C-3**

**Proposed Class 5 (Equity Interests) Ballot**
**for Accredited Investors**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.**

**IMPORTANT: NO CHAPTER 11 CASE HAS BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. IF A VOLUNTARY REORGANIZATION CASE IS FILED, THE COMPANY INTENDS TO PROMPTLY SEEK CONFIRMATION OF THE PREPACKAGED CHAPTER 11 PLAN BY THE BANKRUPTCY COURT.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-32112** |
| **HAWAIIAN VINTAGE CHOCOLATE** | § | |
| **COMPANY, INC.,** | § | **Chapter 11** |
| | § | |
| DEBTOR. | § | |

**CLASS 5 – EQUITY INTEREST CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING PREPACKAGED PLAN OF REORGANIZATION**

If you are, as of close of business on November 22, 2021 (the "Voting Record Date"), a holder of a Class 5 Equity Interest Claim (an "Equity Interests Claim") against Hawaiian Vintage Chocolate Company, Inc. (the "Debtor"), please use this ballot (the "Ballot") to cast your vote to accept or reject the Debtor's Prepackaged Chapter 11 Plan of Reorganization (the "Plan"), which is being proposed by the Debtor. The Plan is **Exhibit A** to the Disclosure Statement, dated November 22, 2021 (the "Disclosure Statement"), which accompanies this Ballot and also provides the basis for the terms and conditions of the Plan. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan. Before you transmit your vote, please read the Plan, the Disclosure Statement, and all related documents enclosed herewith carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate classes of creditors and interest holders for voting and distribution purposes. Depending on the nature of the debt or interest that is held in or

against the Debtor, a creditor may have claims and/or interests in multiple classes. The Disclosure Statement sets forth a description of the classes in the Plan.

If you have any questions on how to properly complete this Ballot, please call or email Catherine A. Curtis, Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 500, Dallas, Texas 75204 (the "Voting Agent") at catherine.curtis@wickphillips.com or (214) 740-4049. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE BELOW INSTRUCTIONS CAREFULLY. COMPLETE, SIGN (ELECTRONIC SIGNATURE IS ACCEPTABLE) AND DATE YOUR CUSTOMIZED BALLOT (PURSUANT TO THE INSTRUCTIONS BELOW), AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTOR'S VOTING AGENT, PRIME CLERK LLC, ON OR BEFORE THE <u>VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 13, 2021</u> IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN. IF THIS BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE DEBTOR'S VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**Acceptance or Rejection of the Plan**

**Item 1.** <u>Amount of Class 5 Equity Interest Claim.</u> The undersigned hereby certifies that as of the close of business on November 22, 2021, the undersigned was the record holder of an Equity Interests Claim in Class 5 under the Plan, with a total amount of shares:

**Number of Shares: _____**

**Item 2.** <u>Vote on Plan</u>. The undersigned holder of a Equity Interests Claim in Class 5 under the Plan, as described in Item 1 above, votes all such Claims to (check one box):

*Check one box only:*

   **Accepts** the Plan

OR

   **Rejects** the Plan

**Item 3.** <u>Releases.</u> Following confirmation, subject to Article XI of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction,

exculpation, and discharge provisions set forth in Article XI of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article XI of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan —which effectuates such provisions — will affect you and any Claim(s) you may hold against the Debtor and/or certain other Released Parties specified in the Plan.

**Item 4.** <u>Certifications.</u> The New Common Stock proposed to be distributed under the Plan will be issued without registration under the Securities Act of 1933, as amended (the "<u>Securities Act</u>") and will be offered pursuant to an exemption from registration granted under federal and state securities laws and regulations and, upon the Debtor filing the Chapter 11 Case, the exception from registration offered by Section 1145 of the Bankruptcy Code. The Debtor's solicitation of votes on the Plan before the initiating the Chapter 11 Case is intended to be made only to a limited number of individuals or entities who are Accredited Investors within the meaning of Rule 501(a) of Regulation D of the General Rules and Regulations of the Securities Act ("<u>Regulation D</u>").

An individual is an "Accredited Investor" if the individual: (i) has a net worth, or joint net worth with his spouse, at the time of purchase of more than $1 million (excluding such individual's primary residence); (ii) had an individual income in excess of $200,000 in each of the two most recent years and who reasonably expects an income in excess of $200,000 in the current year; or (iii) had a joint income with the purchaser's spouse in excess of $300,000 in each of the two most recent years and who reasonably expects an income in excess of $300,000 in the current year. Other tests exist for trusts, partnerships, corporations, or other entities to be Accredited Investors.

Each Holder of a Claim or Equity Interest signing this Ballot prior to commencement of the Chapter 11 Case represents to the Debtor and the Bankruptcy Court, and the Debtor will rely upon such representations, that the entity submitting the Ballot is an Accredited Investor. By executing this Ballot, you represent, among other things, that you have read and understand the Disclosure Statement and Plan and has obtained all other information you desire for the purpose of evaluating, and has fully evaluated, the risks associated with the New Common Stock to be issued under the Plan and that you are an Accredited Investor. The Disclosure Statement and Plan does not constitute an offer to sell to, or a solicitation of an offer to sell to, or a solicitation of an offer to buy from, any person who does not meet the suitability standards as an Accredited Investor or otherwise.

By returning this Ballot, the undersigned holder of a Equity Interests Claim in Class 5 under the Plan, as described in Item 1 above, certifies that (a) it has full power and authority to vote to accept or reject the Plan; (b) it was the record holder of the Claims described in Item 1 as of the close of business on November 22, 2021; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); (d) it is an Accredited Investor; and (e) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance

and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____

Address: _____

_____

_____

**Return this ballot to:**

**Wick Phillips Gould & Martin, LLP**
**c/o Catherine Curtis, Tabulation Agent**
**3131 McKinney Avenue, Suite 500**
**Dallas, Texas 75204**

**Or via Email to:**

**catherine.curtis@wickphillips.com**

**<u>Exhibit C-4</u>**

**Proposed Class 4 (General Unsecured Claims) Post-Petition Ballot**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-32112** |
| **HAWAIIAN VINTAGE CHOCOLATE** | § | |
| **COMPANY, INC.,** | § | **Chapter 11** |
| | § | |
| DEBTOR. | § | |

**CLASS 4 – GENERAL UNSECURED CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING PREPACKAGED PLAN OF REORGANIZATION**

If you are a holder of a Class 4 General Unsecured Claim (a "General Unsecured Claim") against Hawaiian Vintage Chocolate Company, Inc. (the "Debtor"), please use this ballot (the "Ballot") to cast your vote to accept or reject the Debtor's Prepackaged Chapter 11 Plan of Reorganization (the "Plan"), which is being proposed by the Debtor. The Plan is **Exhibit A** to the Disclosure Statement, dated November 22, 2021 (the "Disclosure Statement"), which accompanies this Ballot and also provides the basis for the terms and conditions of the Plan. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan. Before you transmit your vote, please read the Plan, the Disclosure Statement, and all related documents enclosed herewith carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate classes of creditors and interest holders for voting and distribution purposes. Depending on the nature of the debt or interest that is held in or against the Debtor, a creditor may have claims and/or interests in multiple classes. The Disclosure Statement sets forth a description of the classes in the Plan.

If you have any questions on how to properly complete this Ballot, please call or email Catherine A. Curtis, Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 500, Dallas, Texas 75204 (the "Voting Agent") at catherine.curtis@wickphillips.com or (214) 740-4049. **THE**

**VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE BELOW INSTRUCTIONS CAREFULLY. COMPLETE, SIGN (ELECTRONIC SIGNATURE IS ACCEPTABLE) AND DATE YOUR CUSTOMIZED BALLOT (PURSUANT TO THE INSTRUCTIONS BELOW), AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTOR'S VOTING AGENT, PRIME CLERK LLC, ON OR BEFORE THE <u>VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 13, 2021</u> IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN. IF THIS BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE DEBTOR'S VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**Acceptance or Rejection of the Plan**

**Item 1.** <u>Amount of Class 4 General Unsecured Claim.</u> The undersigned hereby certifies that as of the close of business on November 22, 2021, the undersigned was the record holder of a General Unsecured Claim in Class 4 under the Plan, in the aggregate unpaid principal amount of:

**$_____**

**Item 2.** <u>Vote on Plan</u>. The undersigned holder of a Lender Postpetition Claim in Class 4 under the Plan, as described in Item 1 above, votes all such Claims to (check one box):

*Check one box only:*

    **Accepts** the Plan

OR

    **Rejects** the Plan

**Item 3.** <u>Releases.</u> Following confirmation, subject to Article XI of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article XI of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article XI of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan —which effectuates such provisions — will affect you and any Claim(s) you may hold against the Debtor and/or certain other Released Parties specified in the Plan.

**Item 4.** Certifications. By returning this Ballot, the undersigned holder of a General Unsecured Postpetition Claim in Class 4 under the Plan, as described in Item 1 above, certifies that (a) it has full power and authority to vote to accept or reject the Plan; (b) it was the record holder of the Claims described in Item 1 as of the close of business on November 22, 2021; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____

Address: _____

_____

_____

**Return this ballot to:**

**Wick Phillips Gould & Martin, LLP**
**c/o Catherine Curtis, Tabulation Agent**
**3131 McKinney Avenue, Suite 500**
**Dallas, Texas 75204**

**Or via Email to:**

**catherine.curtis@wickphillips.com**

## **Exhibit C-5**

**Proposed Class 5 (Equity Interests) Post-Petition Ballot**

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO. 21-32112** |
| **HAWAIIAN VINTAGE CHOCOLATE** | § | |
| **COMPANY, INC.,** | § | **Chapter 11** |
| | § | |
| DEBTOR. | | |

**CLASS 5 – EQUITY INTEREST CLAIMS**
**<u>BALLOT FOR ACCEPTING OR REJECTING PREPACKAGED PLAN OF
REORGANIZATION</u>**

If you are, as of close of business on November 22, 2021 (the "<u>Voting Record Date</u>"), a holder of a Class 5 Equity Interest Claim (an "<u>Equity Interests Claim</u>") against Hawaiian Vintage Chocolate Company, Inc. (the "<u>Debtor</u>"), please use this ballot (the "<u>Ballot</u>") to cast your vote to accept or reject the Debtor's Prepackaged Chapter 11 Plan of Reorganization (the "<u>Plan</u>"), which is being proposed by the Debtor. The Plan is **<u>Exhibit A</u>** to the Disclosure Statement, dated November 22, 2021 (the "<u>Disclosure Statement</u>"), which accompanies this Ballot and also provides the basis for the terms and conditions of the Plan. Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined herein have the meanings given to them in the Plan. Before you transmit your vote, please read the Plan, the Disclosure Statement, and all related documents enclosed herewith carefully.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in dollar amount and more than one-half in number of Claims in each Class entitled to vote and that actually vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the applicable requirements of section 1129(b) of the Bankruptcy Code.

Please note that the Plan contemplates separate classes of creditors and interest holders for voting and distribution purposes. Depending on the nature of the debt or interest that is held in or against the Debtor, a creditor may have claims and/or interests in multiple classes. The Disclosure Statement sets forth a description of the classes in the Plan.

If you have any questions on how to properly complete this Ballot, please call or email Catherine A. Curtis, Wick Phillips Gould & Martin, LLP, 3131 McKinney Ave., Suite 500, Dallas, Texas 75204 (the "<u>Voting Agent</u>") at catherine.curtis@wickphillips.com or (214) 740-4049. **THE**

**VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**PLEASE READ AND FOLLOW THE BELOW INSTRUCTIONS CAREFULLY. COMPLETE, SIGN (ELECTRONIC SIGNATURE IS ACCEPTABLE) AND DATE YOUR CUSTOMIZED BALLOT (PURSUANT TO THE INSTRUCTIONS BELOW), AND RETURN IT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE DEBTOR'S VOTING AGENT, PRIME CLERK LLC, ON OR BEFORE THE <u>VOTING DEADLINE OF 5:00 P.M. (PREVAILING CENTRAL TIME) ON DECEMBER 13, 2021</u> IN ACCORDANCE WITH THE INSTRUCTIONS PROVIDED HEREIN. IF THIS BALLOT IS NOT COMPLETED, SIGNED, AND <u>ACTUALLY RECEIVED</u> BY THE DEBTOR'S VOTING AGENT PRIOR TO THE EXPIRATION OF THE VOTING DEADLINE, THEN THE VOTES TRANSMITTED BY THIS BALLOT WILL NOT BE COUNTED, EXCEPT IN THE DEBTOR'S SOLE DISCRETION. IF THE PLAN IS CONFIRMED BY THE BANKRUPTCY COURT, IT WILL BE BINDING ON YOU WHETHER OR NOT YOU VOTE.**

**Acceptance or Rejection of the Plan**

**Item 1.** <u>Amount of Class 5 Equity Interest Claim.</u> The undersigned hereby certifies that as of the close of business on November 22, 2021, the undersigned was the record holder of an Equity Interests Claim in Class 5 under the Plan, with a total amount of shares:

**Number of Shares:** _____

**Item 2.** <u>Vote on Plan</u>. The undersigned holder of a Equity Interests Claim in Class 5 under the Plan, as described in Item 1 above, votes all such Claims to (check one box):

*Check one box only:*

  **Accepts** the Plan

OR

  **Rejects** the Plan

**Item 3.** <u>Releases.</u> Following confirmation, subject to Article XI of the Plan, the Plan will be substantially consummated on the Effective Date. Among other things, effective as of the Confirmation Date but subject to the occurrence of the Effective Date, certain release, injunction, exculpation, and discharge provisions set forth in Article XI of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article XI of the Plan very carefully so that you understand how confirmation and substantial consummation of the Plan —which effectuates such provisions — will affect you and any Claim(s) you may hold against the Debtor and/or certain other Released Parties specified in the Plan.

**Item 4.** <u>Certifications.</u> By returning this Ballot, the undersigned holder of a Equity Interests Claim in Class 5 under the Plan, as described in Item 1 above, certifies that (a) it has full power and authority to vote to accept or reject the Plan; (b) it was the record holder of the Claims described in Item 1 as of the close of business on November 22, 2021; (c) it has received a copy of the Plan and Disclosure Statement (and all attachments and supplements thereto); and (d) all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, shall be binding upon the transferees, successors, assigns, heirs, executors, administrators, trustees in bankruptcy and legal representatives of the undersigned and shall not be affected by, and shall survive, the death or incapacity of the undersigned. The undersigned understands that an otherwise properly completed, executed and timely-returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted. By signing this Ballot you also are acknowledging that your vote is subject to all terms or conditions set forth in the Disclosure Statement and Plan.

Dated: _____

Signature: _____

Printed Name: _____

Title: _____

Address: _____

_____

_____

**Return this ballot to:**

**Wick Phillips Gould & Martin, LLP**
**c/o Catherine Curtis, Tabulation Agent**
**3131 McKinney Avenue, Suite 500**
**Dallas, Texas 75204**

**Or via Email to:**

**catherine.curtis@wickphillips.com**